644 P.2d 1046
**Gregorio S. SANCHEZ,**
**Plaintiff-Appellant,**

v.

**CITY OF BELEN and Belen City Councilmen, Defendants-Appellees.**

**No. 5286.**

Court of Appeals of New Mexico.

April 8, 1982.

Certiorari Denied May 11, 1982.

58

Edward J. Apodaca, Jr., Edward J. Apodaca & Associates, Albuquerque, for plaintiff-appellant.

David N. Whitham, Norman McDonald, P. A., Belen, for defendants-appellees.

OPINION

LOPEZ, Judge.

The plaintiff brought suit against the City of Belen and the city councilmen, Boleslo Lovato and Gilbert Garcia in their official capacities, charging unlawful termination of employment and in violation of constitutional rights. Judgment was entered in favor of the defendants after a non-jury trial. The plaintiff appeals. We affirm.

The plaintiff presents two issues on appeal: 1. that the termination of plaintiff's employment was unlawful as a matter of law; and 2. that evidence on cause of termination was inadmissible.

Gregorio Sanchez worked as a vehicle mechanic for the City of Belen for ten or eleven years. On March 7, 1980, Richard Aragon, the city manager, wrote Sanchez a letter stating:

At the request of Councilmen Boleslo Lovato and Gilbert Garcia your termination of employment as mechanic with the City of Belen is effective at 5:00 P.M. March 7, 1980.

Aragon prepared the letter without consulting Lovato, Garcia, any other council member or the mayor. He then read the letter at a city council meeting on March 7, 1980. He also tendered his own resignation that same night, but Aragon's resignation did not take effect until April 7, 1980.

At the next city council meeting on April 7, 1980, the council approved the minutes of the last meeting, which included the letter to Sanchez. Then on April 22, 1980, the city council held a closed meeting at which the council unanimously adopted a resolution ratifying and confirming Sanchez' discharge on March 7, 1980.

*Unlawful Termination of Employment*

Sanchez alleged that the discharge was contrary to law, a violation of his first amendment rights, his civil rights and a violation of a Belen ordinance.

Belen has a mayor-city council form of government as provided for in § 3–11–1 through § 3–12–4, N.M.S.A.1978. It also has a city manager, as allowed in § 3–13–3, N.M.S.A.1978. Section 3–13–3 states that the qualifications, duties and responsibilities of the city manager are the same as provided by § 3–14–13 through § 3–14–15, N.M.S.A.1978.

The sections setting out the power to discharge in this form of government are:

§ 3–11–6(D).

Subject to the limitation of a merit system ordinance adopted as authorized in Section 3–13–4 NMSA 1978:

(1) *the governing body may discharge an appointed official or employee by a majority of all the members of the governing body;*

(2) the mayor may discharge an appointed official or employee upon the approval of a majority of all the members of the governing body; or

(3) the mayor may suspend an appointed official or employee until the next regular meeting of the governing body at which time the suspension shall be approved or disapproved by a majority of all the members of the governing body * * *. (emphasis added).

§ 3–14–14

A. The manager shall:

*   *   *   *   *   *

(2) employ and discharge all persons engaged in the administrative service of the municipality.

Plaintiff argues that § 3–14–14(A)(2) provides that only Aragon, the city manager, could discharge Sanchez. Plaintiff's discharge did not comply with the requirements of the statute, because it was not an independent, unilateral action on the part of the city manager; the two councilmen told Aragon to fire plaintiff, and they coerced Aragon by threatening his own job.

The plaintiff challenges the following findings of fact and conclusions of law:

Count I.

Finding 1. Gregorio S. Sanchez was employed as a mechanic for the City of Belen until March 7, 1980.

Finding 2. Gregorio S. Sanchez was terminated from such employment by Richard Aragon, in his capacity as City Manager for the City of Belen, on March 7, 1980.

Conclusion 1. That the City Manager for the City of Belen was legally authorized to terminate Gregorio S. Sanchez on March 7, 1980. Section 3–13–13 [sic], N.M.S.A. Annotated; Section 3–13–14A(2), N.M.S.A.1978 Annotated; City of Belen Ordinance No. 334, Section 3–c * *.

Count II

Finding 1. That Gregorio S. Sanchez was terminated for cause, to wit:

    a. Gross absenteeism from work:

    b. Low morale among co-workers due to Plaintiff's gross absenteeism (sic);

    c. Partisan political activity during working hours;

    d. Unauthorized use of City equipment for personal use.

Finding 2. That Plaintiff's political opinions and affiliations were not a cause for termination by the City of Belen.

Count III

Conclusion 1. That the City Manager for the City of Belen was legally authorized to terminate Gregorio S. Sanchez on March 7, 1980. Section 3–13–13 [sic], N.M.S.A.1978 Annotated; Section 3–14–14A(2) N.M.S.A.1978 Annotated; City of

Belen Ordinance No. 334, Section 3–C * * *.

The plaintiff argues that only the City Manager had the power and authority to discharge the plaintiff, and that the attempted ratification by the city council was void, because the action of the manager was void at its inception.

■ However, there is no reason to interpret § 3–14–14(A)(2) to mean that only the city manager would fire Sanchez. Section 3–14–14(A)(2) imposes on the city manager the duty of hiring and firing "all persons engaged in the administrative service of the municipality". There is no definition of "administrative service" in this area of the statutes. There is also nothing in that statute to indicate that the mayor's and/or city council's authority to discharge and employ under § 3–11–6(D) is superseded by the city manager's authority to discharge those persons in administrative service.

■ Therefore, § 3–11–6(D)(1) can be applied in this case to the procedures followed in Sanchez' discharge. The statute provides that a majority of the city council can discharge an employee. On April 22, 1980, the Belen city council unanimously voted to confirm Sanchez' discharge. This action can be interpreted as a valid discharge under § 3–11–6(D)(1).

■ The plaintiff argues that the council's ratification of Sanchez' termination was ineffective, because "[b]y ratifying the March 7, discharge, the council was adopting and confirming the illegal act on behalf of itself and therefore the City of Belen." However, it is unnecessary to rely on principles of ratification to affirm the action of the city council in this case. Even if the city manager's discharge had been invalid under his statutory authority, the action by the city council unanimously ratifying that discharge was sufficient by itself to terminate Sanchez' employment under § 3–11–6(D)(1). That section gives the power to the city governing body to discharge a city employee by a majority of all the members. The ratification was equivalent to a unanimous decision of the city council to dis-

charge Sanchez. The conclusion of the trial court to uphold Sanchez' termination was correct under Count I with the exception of its reliance on Aragon's action pursuant to § 3–13–3 and § 3–14–14(A)(2) rather than reliance on the city council's action pursuant to § 3–11–6(D)(1).

*Admission of Evidence for Cause*

Sanchez' complaint alleges that his discharge discriminated against him because of his political opinion and affiliations. The defendants deny this allegation in their answer. They did not plead any affirmative defenses. At trial, the judge allowed the defendants to present evidence on the cause for Sanchez's discharge, which included evidence that he came to work an average of 24 hours a week and worked about 16 of those hours, even though he was paid for 40 hours a week; that this behavior lowered the morale of his co-workers; that he took a trailer belonging to the city for his personal use without authorization; and that he left work on March 7, 1980, on election day, to visit all the polling places. During trial, the plaintiff objected to admission of evidence on the cause of his discharge.

Sanchez, at trial and on appeal, claimed that evidence for the cause of his discharge was inadmissible, because the defendants did not plead cause as an affirmative defense and thereby waived it under N.M.R. Civ.P. 8(c), N.M.S.A.1978 (Repl.Pamp.1980).

New Mexico adheres to the broad purpose of the rules of pleading and construes them liberally. The general policy on pleadings require that an adjudication on the merits rather than technicalities of procedures and form shall determine the rights of the litigants. *Carroll v. Bunt*, 50 N.M. 127, 172 P.2d 116 (1946); *McCasland v. Prather*, 92 N.M. 192, 585 P.2d 336 (Ct.App. 1978).

The cause for termination was put in issue by plaintiff's complaint and by his evidence. The plaintiff alleged wrongful termination, termination on grounds of political opinions, and denial of due process in violation of constitutional rights. The defendants denied these allegations. The posture of the pleadings did not require the defendants to plead cause as an affirmative defense. By denying the allegations the defendants could offer evidence to prove that termination of employment was for cause other than expression of political opinion and was not in violation of constitutional rights.

There was substantial evidence in the record to support the findings of the trial court, and the conclusions of law are supported by the findings. We realize that in a case of this nature there may be some facts from which inferences could be drawn that the employee was discharged for political reasons. However, there is substantial evidence in the record that the termination of employment resulted from good cause other than political reasons. We view the evidence in the light most favorable to support the judgment. *Platero v. Jones*, 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971). The trial court is the sole judge of all the facts, and where there is substantial evidence to support the findings they cannot be disturbed on appeal. *Flinchum Const. Co. v. Central Glass & Mirror*, 94 N.M. 398, 611 P.2d 221 (1980).

On the basis of the record we cannot say that the termination of the plaintiff's employment was motivated by political reasons. We commend the plaintiff's counsel for his efforts on behalf of his client in his brief and for his eloquent oral presentation before this court, which exemplifies the good quality of the membership in the New Mexico Bar that we have today.

The judgment of the trial court is affirmed. Appellate costs are to be paid by the appellant.

IT IS SO ORDERED.

WALTERS, C. J., and NEAL, J., concur.