2004-NMCA-060

92 P.3d 679

**The COULSTON FOUNDATION, a not-for-profit corporation, Plaintiff–Appellant,**

v.

**Patricia A. MADRID, Attorney General, State of New Mexico, Defendant–Appellee.**

**No. 24,000.**

Court of Appeals of New Mexico.

March 16, 2004.

F. Randolph Burroughs, Burroughs & Rhodes, Alamogordo, NM, for Appellant.

Patricia A. Madrid, Attorney General, David K. Thomson, Jerome Marshak, Assistant Attorneys General, Santa Fe, NM, for Appellee.

*OPINION*

VIGIL, Judge.

{1} The Attorney General (AG) issued a "civil investigative demand" (CID) to the Coulston Foundation (the Foundation) pursuant to the Charitable Solicitations Act, NMSA 1978, §§ 57–22–1 to –11 (1983, as amended through 1999) (the Act). The AG was conducting an investigation of the Foundations's endowment system established for the care and well-being of chimpanzees, and issued the CID to obtain information and documents relevant to that investigation. The district court denied the Foundation's petition to set aside the CID, and the Foundation appeals, contending: (1) its petition should have been granted because the AG did not file a responsive pleading; (2) because the Foundation did not solicit charitable funds and because it performed non-charitable research for the federal government, it is not subject to the AG's investigatory powers under the Act; (3) the AG's affidavit in support of the CID is insufficient, and the CID is therefore invalid; and (4) because federal law preempts the Act, the district court lacks subject matter jurisdiction to enforce the CID. In our notice of assignment to the general calendar, we requested that the parties also brief the issue of whether the district court's order enforcing the CID is a final, appealable order.

{2} We determine that the order is a final, appealable order and affirm the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

{3} The Foundation is a New Mexico non-profit corporation which performs biomedical research on chimpanzees. The Foundation is exempt from federal income tax under Section 501(a) of the Internal Revenue Code, I.R.C. § 501(a) (1986), as an organization described in Section 501(c)(3), and it is registered as a "charitable organization" with the AG as required under the Act. *See* Section 57–22–3(A) (defining a "charitable organization" to be "any entity that has been granted exemption from the federal income tax by the United States commissioner of internal revenue as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or identifies itself to the public as having a charitable purpose"); Section 57–22–6(A) (requiring every charitable organization "existing, operating or soliciting in the state, unless exempted," to register with the AG). Registration with the AG is consistent with the purpose of the Act, which is "to authorize the attorney general to monitor, supervise and enforce the charitable purposes of charitable organizations and regulate professional fundraisers operating in this state." Section 57–22–2.

{4} The Foundation implemented a "Chimpanzee Endowment Policy," establishing an endowment system consisting of an irrevocable trust from which funds were used only for the permanent and long-term care of individual chimpanzees that were used in research.

{5} In April 2002, the AG's Office received a complaint against the Foundation, alleging that the irrevocable trust funds were misspent, and the AG initiated an investigation pursuant to its authority under the Act. From May to August of 2002, the AG and the Foundation worked cooperatively in the investigation, until the Foundation refused to comply with the AG's request for audited financial statements. In response, the AG issued a CID to obtain the information and requested documents. *See* Section 57–22–9.1(A) (permitting the AG to serve a civil

670

investigative demand requiring the person to answer interrogatories or produce requested documentary material that may be "relevant to the subject matter of an investigation of a probable violation of the [Act]").

{6} The Foundation filed a petition with the district court to set aside the CID pursuant to Section 57–22–9.1(G) (providing that upon filing of petition and showing of good cause, district court may set aside, modify, or extend return date of CID). After receiving pleadings and holding hearings on the matter, the district court entered its order enforcing the CID. The Foundation appeals.

**FINAL, APPEALABLE ORDER**

{7} This Court's jurisdiction lies from final, appealable orders. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992). An order is final if all issues of law and fact necessary to be determined have been determined and the case has been disposed of by the trial court to the fullest extent possible. *Id.* at 236, 238, 824 P.2d at 1040, 1042 (stating that "a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein"); *see also Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 397, 851 P.2d 1064, 1064 (1993) (reiterating that an order is final if it determines the rights and liabilities of the parties to the underlying controversy).

{8} We agree that the order in this case is final because it practically disposes of all matters raised by the petition to set aside the CID. *See Kelly Inn No. 102, Inc.*, 113 N.M. at 236, 824 P.2d at 1038. The AG's authority to investigate possible violations of the Act, and in that capacity, to issue CIDs and its authority to enforce the Act are two separate powers and functions. *See* Section 57–22–9(A) (stating AG may examine and investigate any charitable organization to ascertain "conditions of its affairs and to what extent, if at all, it fails to comply with the trusts it has assumed or if it has departed from the purposes for which it was formed"); Section 57–22–9.1(A) (providing AG may, prior to initiating a civil proceeding, issue a CID to a person the AG has reason to believe has information or documents which AG

believes to be relevant to the subject matter of an investigation of a probable violation of the Act); Section 57–22–9(A), (B), and (C) (giving AG authority to institute a proceeding to correct noncompliance or departure by a charitable organization from its trust or purposes for which it was formed; to seek injunctive relief, civil penalties, financial accounting or restitution from any person who has failed to comply with registration, filing or disclosure provisions of the Act; and to initiate proceedings to seek compliance with the Act). The Foundation initiated this proceeding by filing its petition which was resolved to its fullest extent by the district court order enforcing the CID. We therefore hold that it is a final and immediately appealable order. *Cf. Wilson Corp. v. State ex rel. Udall*, 1996–NMCA–049, ¶¶ 13–14, 121 N.M. 677, 916 P.2d 1344 (enforcing CIDs under the New Mexico Antitrust Act, not discussing finality but describing the district court action as summary, in which only initial matters are determined regarding the investigation and authority under the Act). Accordingly, we address the merits of the Foundation's appeal below.

**DISCUSSION**

{9} The Foundation raises mostly legal questions and challenges to legal conclusions. The district court's interpretation of a statute is a question of law which we review de novo. *See Morgan Keegan Mortgage Co. v. Candelaria*, 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. "When a party is challenging a legal conclusion, the standard for review is whether the law correctly was applied to the facts, viewing them in a manner most favorable to the prevailing party, indulging all reasonable inferences in support of the court's decision, and disregarding all inferences or evidence to the contrary." *Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd.*, 113 N.M. 9, 12, 820 P.2d 1323, 1326 (1991).

**A. WHETHER THE DISTRICT COURT ERRED IN DENYING THE PETITION BECAUSE THE AG FAILED TO FILE A RESPONSIVE PLEADING.**

{10} The Foundation filed its petition in the district court seeking to set aside the

CID on various grounds. The AG in turn filed a motion to dismiss the petition and to enforce the CID, together with a memorandum in support of the motion which defends the issuance of the CID and responds to every argument set forth in the Foundation's petition.

{11} The Foundation argues that the AG's motion to dismiss the petition and enforce the CID is not a responsive pleading as required under Rule 1–007 NMRA 2004. The Foundation further contends that without a responsive pleading, the allegations in the petition should be deemed true and admitted pursuant to Rule 1–012(B) NMRA 2004 and Rule 1–008(D) NMRA 2004. It therefore contends that it was entitled to have the CID set aside as requested in its petition. Referring us to *Wilson Corp.*, 1996–NMCA–049, ¶¶ 13, 17, 121 N.M. 677, 916 P.2d 1344, the AG responds that we have previously held that a proceeding brought to enforce or quash compulsory process–whether denominated by a subpoena, a summons, or a CID–on behalf of an administrative agency is not a trial but is summary in nature and that the district court has discretion in how it is conducted.

{12} We hold that the district court did not abuse its discretion in proceeding to consider the merits of the Foundation's petition on the basis of the AG's motion to dismiss the petition and enforce the CID. The AG's motion responded to every argument set forth in the Foundation's petition, and this record fails to show any prejudice to the Foundation. For all practical purposes, it fulfilled the function of a responsive pleading. We would be elevating form over function by accepting the Foundation's argument. In the circumstances of this case, we refuse to do so. *See Sanchez v. City of Belen*, 98 N.M. 57, 60, 644 P.2d 1046, 1049 (Ct.App.1982) (stating that "[t]he general policy on pleadings require that an adjudication on the merits rather than technicalities of procedures and form shall determine the rights of the litigants," and concluding that the denial of allegations was sufficient to plead an affirmative defense); *Biebelle v. Norero*, 85 N.M. 182, 184, 510 P.2d 506, 508 (1973) (stating a general policy of providing maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities and deciding that failure to incorporate a previously filed counterclaim into an amended answer was not a basis for dismissal); *see also Wilson Corp.*, 1996–NMCA–049, ¶ 17, 121 N.M. 677, 916 P.2d 1344 (permitting the district court broad discretion in conducting these summary enforcement proceedings). Therefore, we reject the Foundation's argument that it was entitled to have the CID set aside on grounds the AG failed to file a responsive pleading.

{13} For these reasons, we find no error in accepting the AG's pleading and affirm the district court on this issue.

**B. WHETHER THE FOUNDATION IS SUBJECT TO THE NEW MEXICO CHARITABLE SOLICITATION ACT.**

{14} The Foundation argues that because it did not solicit charitable funds and because it performed non-charitable care of chimpanzees for the federal government, the Act does not apply to the Foundation, and therefore the CID was improperly issued under the Act. We reject this argument.

{15} First, in support of its contention that it did not solicit the investigated funds, the Foundation presented only arguments of counsel and a copy of its "Chimpanzee Endowment Policy" that simply sets forth the criterion for assessment of endowment fees. The Foundation failed to present specific evidence that its arrangement with the federal government or other organizations should not be considered a solicitation. *See In re Metro. Invs., Inc.*, 110 N.M. 436, 441, 796 P.2d 1132, 1137 (Ct.App.1990) (stating that "arguments of counsel are not evidence"). Without a more compelling showing at this early stage on what the Foundation argues is a definitive issue in the AG's investigation, we agree with the district court that the Foundation failed to establish good cause to set aside the CID. *Cf. Wilson Corp.*, 1996–NMCA–049, ¶ 17, 121 N.M. 677, 916 P.2d 1344 (holding that "the scope of the hearing will depend on the nature of the challenge and the strength of the showing," leaving this determination to the sound discretion of the

district court). Therefore, we hold that the district court did not abuse its discretion in the summary proceeding by refusing to set aside the CID.

{16} Secondly, the Foundation's argument overlooks pertinent provisions of the Act. The Foundation is clearly a "charitable organization" since it was granted an exemption from the federal income tax by the United States commissioner of internal revenue as an organization described in I.R.C. § 501(c)(3). Section 57–22–3(A). Moreover, the Foundation is clearly performing "charitable purposes." It states that it performs "biomedical research in the war against disease and pain for both humans and animals" and Section 57–22–3(B) of the Act defines a "charitable purpose" in part to mean "a benevolent, social welfare, scientific, educational, environmental, philanthropic, humane, patriotic, public health, civil or other eleemosynary objective."

{17} The stated purpose of the Act is "to authorize the attorney general to monitor, supervise and enforce the charitable purposes of charitable organizations *and* regulate professional fund raisers operating in this state." Section 57–22–2 (emphasis added). The AG is not limited to regulating professional fund raisers; it is also authorized to monitor, supervise, and enforce charitable purposes of charitable organizations. To this end, it is granted broad powers to "examine and investigate any charitable organization subject to the [Act] to ascertain the conditions of its affairs and to what extent, if at all, it fails to comply with the trusts that it has assumed or if it has departed from the purposes for which it was formed." Section 57–22–9(A). Finally, the Foundation overlooks the requirement that every charitable organization "existing, operating *or* soliciting" in this state must register with the AG, as the Foundation did. Section 57–22–6(A) (emphasis added). We hold that the Foundation is subject to the Act, and that the CID was properly issued pursuant to the Act.

## C. WHETHER THE AG AFFIDAVIT IN SUPPORT OF THE CID WAS ADEQUATE.

■ {18} In *Wilson Corp.*, this Court stated that before a court will enforce a CID

issued pursuant to the Antitrust Act, the AG "must make a sworn showing of the basic elements required for compulsory process." *Wilson Corp.*, 1996–NMCA–049, ¶ 16, 121 N.M. 677, 916 P.2d 1344. We stated that an affidavit or testimony would need to establish that: (1) the AG is investigating a possible violation of the statute; (2) the information sought is relevant to the investigation; and (3) there is reasonable cause to believe that the recipient of the CID possesses the information. *Id.* The Foundation argues that the affidavit submitted in this case failed to comply with these requirements, and the CID should not have been enforced.

{19} Assuming this procedure is also required for a CID to issue pursuant to the Act, we hold that the AG substantially complied with *Wilson Corp.* The AG filed an affidavit in support of its motion to dismiss the petition filed by the Foundation and to enforce the CID. The affidavit in pertinent part states:

1. I am the Attorney General of the State of New Mexico and the Respondent in this matter.

2. I, through my Assistant Attorneys General, am conducting an investigation of Petitioner, The Coulston Foundation, to determine whether The Charitable Solicitations Act has been or is being violated.

3. The information sought by the Civil Investigative Demand is relevant to this investigation.

4. I have reasonable cause to believe that Petitioner possesses the information sought by the Civil Investigative Demand.

{20} The district court found that the affidavit does not set forth facts, only conclusions and that it does not state that it is based on the AG's personal knowledge. Despite these deficiencies, the district court concluded that based upon the pleadings, which included the facts set forth in the CID, it was clear what information was wanted, and that the AG had the authority to obtain it under the Act. We agree. *See Herrera v. Roman Catholic Church,* 112 N.M. 717, 721, 819 P.2d 264, 268 (Ct.App.1991) (stating that

"[u]nless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it").

{21} It is not disputed that the AG was conducting an investigation of the Foundation. It is also undisputed that the Foundation admitted to possessing the audited financial statements sought by the AG and that those statements are relevant to the AG's investigation into funds used in the chimpanzee endowment program. Although the AG's affidavit lacks an ideal factual foundation, the AG substantially complied with a procedure this Court adopted in the context of another statute. We therefore hold that the CID was properly enforced.

### D. WHETHER THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

 {22} We understand the Foundation's argument under this point to be that the district court lacked subject matter jurisdiction to enforce the CID because federal law preempts the Act. The Foundation seems to argue that because its irrevocable trust to care for chimpanzees was funded under an agreement with the federal government, federal law preempts the operation of the Act against it. We reject this argument.

{23} "Federal law may preempt state law under the Supremacy Clause, U.S. Const. art. VI, cl. 2, by express provision, by implication, or by a conflict between federal and state law." *Azar v. Prudential Ins. Co. of Am.*, 2003–NMCA–062, ¶ 30, 133 N.M. 669, 68 P.3d 909 (internal quotation marks and citations omitted). However, the Foundation does not point to any language in any federal statute expressly displacing the Act, and the Foundation has failed to demonstrate Congress' intent to preempt the field covered by the Act. *See Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 7, 126 N.M. 396, 970 P.2d 582 (stating that when statute does not expressly displace state law, burden is to show Congress' intent to preempt).

{24} We therefore reject the Foundation's argument and hold that the district court had subject matter jurisdiction to enforce the

CID. N.M. Const. art. VI, § 13 (stating that the district courts have original jurisdiction in all matters and causes not excepted by the Constitution).

## CONCLUSION

{25} For the reasons discussed above, we affirm the district court's order denying the petition and enforcing the CID.

{26} **IT IS SO ORDERED.**

JAMES J. WECHSLER, Chief Judge and CELIA FOY CASTILLO, Judge.