This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CECILIA TAFOYA and**
**CHARLES TAFOYA,**

     Plaintiffs-Appellants,

**v.**                         **No. 32,800**

**PAMELA MORRISON and**
**LEON MORRISON**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Law Office of Gina M. Maestas
Gina M. Maestas
Albuquerque, NM

for Appellants

Katz, Ahern, Herdman & MacGillivray, P.C.
Frank T. Herdman
Jenny F. Kaufman
Santa Fe, NM

Moses, Dunn, Farmer & Tuthill, P.C.
Joseph L. Werntz
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**FRY, Judge.**

{1} Plaintiffs seek to appeal from the district court's order amending summary judgment and denying Plaintiffs' motion to reconsider summary judgment. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Defendants filed a memorandum in support of our notice; Plaintiffs filed a memorandum in opposition; and Defendants filed a response in opposition to Plaintiffs' memorandum. We have considered the parties' responses and remain persuaded that finality is lacking and required in this case. We, therefore, dismiss.

{2} "This Court's jurisdiction lies from final, appealable orders." *Coulston Found. v. Madrid*, 2004-NMCA-060, ¶ 7, 135 N.M. 667, 92 P.3d 679. Whether an order is final is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. "Generally, a civil action may only be appealed to this Court if a 'final order' or a 'final judgment' has been entered by the district court." *Gates v. N.M. Taxation & Revenue Dep't*, 2008-NMCA-023, ¶ 8, 143 N.M. 446, 176 P.3d 1178; *see* NMSA 1978, § 39-3-2 (1966); Rule 12-201(A) NMRA. Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Exec. Sports Club,*

*Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 5, 125 N.M. 78, 957 P.2d 63 (internal quotation marks and citation omitted).

{3}     We recognized in our notice that one could view the district court's orders as disposing of Defendants' counterclaims as a practical matter. We stated our belief that even if summary judgment disposed of Defendants' counterclaim for quiet title under these particular facts, different, more important practical concerns should prevail in the current case. We observed that the substance of this dispute has been ongoing and has taken on different forms over many years. The need for clarity and certainty in the declaration of parties' rights to avoid any future confusion about this particular property is of paramount concern. *See State v. Lohberger*, 2008-NMSC-033, ¶ 30, 144 N.M. 297, 187 P.3d 162 (emphasizing "the importance of requiring a clearly recognizable final order that will serve its intended function as an avenue for appellate review of the issues in a case instead of a focus for additional litigation that serves no beneficial purpose"). The district court's order dismissing Plaintiffs' claim for an implied easement by necessity and denying Plaintiffs' claim for a prescriptive easement does not expressly quiet title in Defendants. We indicated that, as a result, the district court's order does not clearly resolve the claims with the degree of certainty that we believe the circumstances require.

{4} Additionally, we proposed to hold with a greater degree of clarity that Defendants' pending counterclaim for a permanent injunction was not disposed of by the district court's order. As indicated, injunctive relief provides a completely separate remedy from an order denying the right to an easement or even an order that would quiet title. *See generally El Paso Prod. Co. v. PWG P'ship*, 1993-NMSC-075, ¶¶ 29-31, 116 N.M. 583, 866 P.2d 311 (observing that violation of an injunction results in contempt and the sanction of attorney fees and whatever other expenses were made to obtain the order of contempt). We observed that given the parties' pattern of vigorous litigation in this case, Plaintiffs would most certainly file a separate appeal from an order of permanent injunction and that Defendants would appeal any denial of such relief. *See Sundial Press v. City of Albuquerque*, 1992-NMCA-068, ¶ 11, 114 N.M. 236, 836 P.2d 1257 (recognizing the strong policy against piecemeal appeals). For these reasons, we proposed to hold that the case was not disposed of to the fullest extent possible. *See Exec. Sports Club, Inc.*, 1998-NMSC-008, ¶ 5.

{5} We also observed that "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay." Rule 1-054(B)(1)

NMRA. This rule is an exception to finality and permits piecemeal appeals, against which we have strong, long-standing policies. *See Sundial Press*, 1992-NMCA-068, ¶ 11.

**{6}** The district court's order from which Defendant appeals does not include the certification language required under Rule 1-054(B)(1) to render the order final and immediately appealable. [RP 383-84] *See* Rule 1-054(B)(1) (requiring the district court to finalize one but fewer than all of the claims upon a certification that "there is no just reason for delay"). We further noted that we see no basis for such certification because the issues left unresolved are inextricably intertwined with the issue decided by the district court's order. *Khalsa*, 1998-NMCA-110, ¶ 20 (observing that we review a district court's certification that there is no just reason for delay for abuse of discretion, which may occur where "the issues decided by the judgment are intertwined, legally or factually, with the issues not yet resolved").

**{7}** Without a final order and in the absence of district court certification, we saw no reason to extend our jurisdiction to resolve Plaintiffs' issues at this juncture and proposed to dismiss.

**{8}** As we anticipated, in response to the proposed dismissal, Plaintiffs contend that the district court's rejection of all of Plaintiffs' claims to various easements across Defendants' property and to the off-street parking space practically dispose of

5

Defendants' counterclaims for quiet title and that the orders in place have the same or similar effect as an injunction. [MIO 4-6] Plaintiffs' response does not address any other concerns we expressed, including the other practical concerns we deemed of greater importance. Therefore, for the reasons recounted above, we are not persuaded to address the merits of Plaintiffs' appeal.

**{9}** Also in response to our notice, Plaintiffs ask for alternative relief. [MIO 6] For the first time in their various pleadings to this Court, Plaintiffs now ask us to remand the appeal to the district court for resolution of all counterclaims. [MIO 6-10] Plaintiffs do not refer us to any case law, however, that would permit us to exercise jurisdiction to remand a case, for which we lack jurisdiction to decide the merits. As indicated above, Plaintiffs have no right to appeal in the absence of a final order, and therefore, they have not properly invoked this Court's jurisdiction. Under these circumstances, we will not exercise jurisdiction to remand to district court; instead, we must dismiss for want of jurisdiction. *See Exec. Sports Club, Inc.*, 1998-NMSC-008, ¶ 14 ("[T]his Court will dismiss an appeal as premature if, in the view of the Court, the pending matter precludes finality, thereby preventing this Court from exercising jurisdiction[.]").

**{10}** For the reasons stated in this opinion and in our notice, we dismiss Plaintiffs' appeal for lack of a final, appealable order.

{11}   **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief  Judge**

_____

**MICHAEL E. VIGIL, Judge**

7