This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF THE ESTATE OF ELIPIO MIZEL HERRERA,**

Deceased,

**EPIFANIA JARAMILLO,**

Personal Representative-Appellant.

**No. A-1-CA-42568**
**Rio Arriba County**
**D-117-PB-1994-00025**

**ORDER DISMISSING APPEAL**

This matter comes before the Court upon Appellee Frederick Herrera's motion to dismiss the appeal, filed with this Court on April 3, 2025. The Court notes the following:

1.	On March 15, 2018, Appellant Epifania Jaramillo filed a petition to reopen the Estate of Elipio Mizel Herrera and reappoint her as personal representative. [3 RP 671]

2.	In the years that followed, both parties filed numerous motions related to the petition, including two motions by Appellee to remove Appellant as the personal representative. [3 RP 694; 6 RP 1445]

3.	On September 23, 2024, the district court entered an order interpreting the Last Will and Testament of Elipio Mizel Herrera. [9 RP 2080] Subsequently, on February 4, 2025, following a hearing held on January 15, 2025, the district court entered a detailed order on two motions filed by Appellee: (1) the motion to transfer Coyote Property and liquor license profits to Herrera's children and freeze Epifania Jaramillo's assets until the profits from the Blue Spruce Bar could be distributed; and (2) the motion to remove personal representative, Epifania Jaramillo, for breach of fiduciary duty. In addition, the district court also considered the motion filed by Appellant for entry of a final order disposing of all outstanding issues. [9 RP 2198-2202]

4.	In its order, the district court stated that

[t]he issue of the interpretation of the [Elipio Mizel Herrera's w]ill needs to be decided by the Court of Appeals before the Court considers arguments presented in [Appellee]'s Motion to Remove Personal Representative, Epifania Jaramillo, for Breach of Fiduciary Duty and the outcome of the

appeal may impact the manner in which estate assets are to be distributed. [9 RP 2198]

In addition, the district court stated that "[a]n immediate appeal would materially advance the ultimate termination of this litigation." [9 RP 2198]

5.    On February 28, 2025, Appellant filed a notice of appeal from the district court's order. [9 RP 2211]

6.    Our review of the record proper and the district court proceedings on Odyssey indicates that the three motions set forth above remain pending, as it does not appear that the district court has ruled on any of them.

7.    "This Court's jurisdiction lies from final, appealable orders." *Coulston Found. v. Madrid*, 2004-NMCA-060, ¶ 7, 135 N.M. 667, 92 P.3d 679. An appellate court does not have jurisdiction when a final judgment has not been entered. *See, e.g.*, *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing for lack of jurisdiction when no final judgment had been entered), *abrogated on other grounds by State v. Skeets*, ___-NMSC-___, ¶¶ 15, 22, ___ P.3d ___ (S-1-SC-40418, Feb. 12, 2026); *State v. Garcia*, 1983-NMCA-017, ¶¶ 29-30, 99 N.M. 466, 659 P.2d 918 (same).

8.    Appellee moved to dismiss the appeal and argues that Appellant should have appealed the September 23, 2024 ruling, that the February 2025 order is not final, and that Appellant did not properly pursue an interlocutory appeal. [Motion to Dismiss at 3, 8]

9.    Probate matters involve unusual finality determinations. *In re Est. of Newalla*, 1992-NMCA-084, ¶¶ 10-16, 114 N.M. 290, 837 P.2d 1373. In a supervised administration, a probate matter is not final until the district court orders distribution of the estate. *Id.* ¶¶ 11, 13; *In re Est. of Duran*, 2007-NMCA-068, ¶ 11, 141 N.M. 793, 161 P.3d 290. In an unsupervised administration, each petition institutes a separate action and the orders resolving a petition become final when all matters raised by that petition are disposed. *In re Est. of Duran*, ¶ 14, 2007-NMCA-068; *see* NMSA 1978, § 45-3-107 (1975) (same). In some cases, matters ancillary to a petition do not impact finality. *See In re Est. of Boyer*, 1994-NMCA-005, ¶ 13, 117 N.M. 74, 868 P.2d 1299 (citing *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, 113 N.M. 231, 824 P.2d 1033).

10.    The parties dispute whether this matter involved a supervised administration. Based on our review of the record, the answer to that question is unclear.[1] Fortunately, we need not answer it for purposes of this order. If the matter was a supervised administration, the district court has not yet entered an order to distribute and so the matter would not be final. If the matter is unsupervised, there are three pending motions before the district court that relate to the subject matter of the 2018

---

[1]Although there are indicators that the district court is exercising authority consistent with a supervised administration, we could not locate any findings or orders for supervised administration as required by NMSA 1978, Section 45-3-502 (1975).

petition and belong to that proceeding. *See In re Estate of Newalla*, 1992-NMCA-084, ¶ 15 (explaining that "once a petition is filed, it defines a proceeding" and "[f]urther pleadings relating to the same subject matter, whether labelled motions or petitions, are part of the same proceeding"). Those motions have not been resolved and are not ancillary to the petition. We are therefore without a final order.

11.     We also observe that the district court did not certify its order for immediate review under Rule 1-054(B) NMRA or for interlocutory appeal. *See* Rule 1-054(B) (stating that when an action presents more than one claim for relief or when multiple parties are involved, any order—adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties—is not a final order, unless the district court directs entry of a final judgment by expressly determining there is no just reason for delay); *see generally* Rule 12-203 NMRA (outlining the procedure for interlocutory appeals); NMSA 1978, § 39-3-4(A)-(B) (1999) (providing that an appellate court may assume jurisdiction over a nonfinal interlocutory order only if the district court certifies that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order or decision may materially advance the ultimate termination of the litigation"). Absent such certifications, there is no basis for this Court to exercise jurisdiction over the nonfinal order that Appellant seeks to bring before this Court. *See, e.g.*, *Garcia*, 1983-NMCA-017, ¶ 28 (observing that an appeal "must be dismissed for non-compliance with the procedural requirements of law" where the trial court did not certify that the appeal involves a controlling question of law). Although the district court included in its order that "[a]n immediate appeal would materially advance the ultimate termination of this litigation[,]" it did not certify that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion." *See* § 39-3-4(A); *Garcia*, 1983-NMCA-017, ¶ 28.

12.     Accordingly, we conclude that because it does not appear a final order has yet been entered, this appeal is premature and should be dismissed. *See Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 7, 147 N.M. 303, 222 P.3d 675 (dismissing the appeal when no final judgment had been entered).

**IT IS THEREFORE ORDERED** that Appellee's motion to dismiss the appeal is **GRANTED** and that this appeal is **HEREBY DISMISSED** as premature and this case is **CLOSED**.

**KRISTOPHER N. HOUGHTON, Judge**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**