863 P.2d 447

**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**James R. STRAUS, Defendant–Appellant.**

No. 20523.

Supreme Court of New Mexico.

Oct. 19, 1993.

Steven C. Henry, Albuquerque, for defendant-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Judy A. Fry, Timothy C. Holm, Albuquerque, for plaintiff-appellee.

## OPINION

FROST, Justice.

This appeal requires us to determine if a district court's ruling of liability pursuant

to the Declaratory Judgment Act, NMSA 1978 §§ 44–6–1 to –15, is a final, appealable judgment when it leaves open for future resolution the amount of a damages award including attorney's fees. We find that because the question of the amount of damages was before the district court but not finally adjudicated, we do not have jurisdiction over this appeal.

## PROCEDURAL HISTORY

James Straus appeals from the district court's grant of declaratory relief in favor of Principal Mutual Life Insurance Company ("Principal Mutual"). Principal Mutual sued Straus, a former Principal Mutual insurance agent, for indemnification based upon liability of Principal Mutual incurred as a result of Straus's professional negligence.

The series of lawsuits prompting Principal Mutual to sue Straus for indemnification began with *Shores v. Charter Services, Inc.*, 112 N.M. 431, 816 P.2d 500 (1991). In *Shores v. Charter Services, Inc.*, Kathleen Shores successfully sued her employer, Charter Services, for workers' compensation and statutory attorney's fees incident to the workers' compensation claim. The district court held that Charter Services was liable to Shores for approximately $50,000, including $17,500 for attorney's fees.

Charter Services then successfully sued Principal Mutual, its insurance carrier, *Charter Services, Inc. v. Principal Mutual Life Insurance Co.*, No. CV–86–07724, slip op. (N.M.Dist.Ct. Jan. 2, 1992), for professional negligence in failing to appropriately advise Charter Services regarding its need for workers' compensation insurance. Principal Mutual was found liable due to the negligence of its insurance agent, Straus, and it was ordered to pay damages to Charter Services consisting of (1) Charter Services' liability to Shores as the result of *Shores v. Charter Services, Inc.* (Shores' workers' compensation award plus her attorney's fees), and (2) Charter Services' attorney's fees incurred as a result of having to defend itself in *Shores v. Charter Services, Inc.*

During the pendency of *Charter Services, Inc. v. Principal Mutual*, Principal Mutual filed the present declaratory action against Straus for indemnification of all damages Principal Mutual might be obligated to pay Charter Services. The district court found that Straus is liable to Principal Mutual for Principal Mutual's total liability to Charter Services plus Principal Mutual's defense. These damages include the following: (1) damages to Shores, including Shores' attorney's fees incident to her workers' compensation claim in *Shores v. Charter Services, Inc.*, (2) Charter Services' attorney's fees incurred to defend itself in *Shores v. Charter Services, Inc.*, and (3) Principal Mutual's attorney's fees incurred to defend itself in *Charter Services, Inc. v. Principal Mutual*. The district court did not quantify the amount of any of these damages, stating that the amount of Principal Mutual's recovery for the three categories of attorney's fees would be considered and decided at a separate hearing before the district court.

## DISCUSSION

■ The final judgment rule is embodied in NMSA 1978, § 39–3–2 (Repl.Pamp.1991), which allows an aggrieved party to appeal within thirty days "from the entry of any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights, in any civil action in the district court." The general rule for determining finality is that " 'an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.' " *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) (quoting *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985)).

■ A judgment or order that reserves the issue of assessment of damages for future determination is not a final judgment for purposes of appeal. *Cole v.*

*McNeill,* 102 N.M. 146, 147, 692 P.2d 532, 533 (Ct.App.1984) (holding that a default judgment on liability was not final because it reserved ruling on the issue of damages for future hearing); *see Carpenter v. Merrett,* 82 N.M. 185, 186, 477 P.2d 819, 820 (1970) (stating that when further action of the court is necessary to complete the relief contemplated, the judgment is interlocutory only); *State ex rel. Sandoval v. Taylor,* 43 N.M. 170, 171, 87 P.2d 681, 682 (1939) (stating that failure of the trial court in a replevin action to assess damages renders the judgment not final). This principle of finality is also well-settled in the federal courts. *See, e.g., Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976) (ruling that partial summary judgment on the issue of liability is not final for purposes of appeal when assessment of damages or awarding of other relief remains to be resolved); *Brown v. United States Postal Serv.,* 860 F.2d 884, 886·(9th Cir.1988) (stating that a judgment of liability is not a final judgment when the district court has not assessed damages or adjudicated other claims for relief); *Freeman United Coal Mining Co. v. Director, Office of Workers' Compensation Programs,* 721 F.2d 629, 630 (7th Cir.1983) (same); *Garzaro v. University of Puerto Rico,* 575 F.2d 335, 337 (5th Cir.1978) (same); *International Controls Corp. v. Vesco,* 535 F.2d 742, 748 (2d Cir.1976) (same). Some federal courts, however, consider a judgment final even though damages are not fully calculated if the calculation of damages is purely ministerial or formulaic. *See, e.g., Production & Maintenance Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1401–02 (7th Cir.1992); *Turner v. Orr,* 759 F.2d 817, 820 (11th Cir.1985), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986).

■ The district court did not render a final judgment because it did not quantify the damage award due to Principal Mutual on its indemnification claim. The three sets of attorney's fees, elements of the damages due to Principal Mutual, were awarded in the district court's judgment, but were not quantified as necessary prece-

dent to appeal. Although the first set of attorney's fees might be estimated at $17,-500 based upon the judgment in *Shores v. Charter Services,* the district court did not decide whether this sum would be assessed. The other two categories of attorney's fees were entirely undetermined, and their calculation cannot be considered ministerial or formulaic. The district court expressly reserved ruling on the amount of damages, and as a result, its decision is not final and appealable.

The situation presented by this case should not be confused with the circumstances presented in *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 824 P.2d 1033 (1992). Following *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), we held in *Kelly Inn* that the pendency of an attorney's fees request supplementary to the litigation in question does not destroy the finality of a judgment that otherwise completely resolves the liabilities between the parties. *Kelly Inn,* 113 N.M. at 239, 824 P.2d at 1041. In *Kelly Inn,* the trial court had fully determined the liability issues concerning a breached lease and had ruled that one party was entitled to attorney's fees for litigating the lease dispute pursuant to the lease agreement, but it retained jurisdiction to determine later the amount of the attorney's fees award. *Kelly Inn,* like *Budinich,* only addressed attorney's fees incurred incident to the case before the court on appeal, the case in which finality was in question.

*Kelly Inn* is factually distinguishable from the case before us and is technically inapplicable. *Kelly Inn* addressed attorney's fees for the litigation before the Court that are analogous to costs awarded to the successful litigant, 113 N.M. at 241–42, 824 P.2d at 1043–44, rather than attorney's fees as damages from separate litigation that would remedy the injury giving rise to the action. The three sets of attorney's fees that were not quantified by the district court come from separate litigation involving different parties and constitute the damages prompting Principal Mutual's indemnification claim. Although under

*Kelly Inn* it is not the formal characterization of the attorney's fees as relief on the merits or supplemental relief that determines whether an issue of attorney's fees must be resolved precedent to appeal, 113 N.M. at 239, 824 P.2d at 1041, there is an important substantive distinction between damages in a lawsuit that include attorney's fees from previous litigation, as in this case, and attorney's fees incurred in the case before the court that are requested as an ancillary award by the successful litigant, as in *Kelly Inn*.

Since the United States Supreme Court decided in *Budinich* that "an unresolved issue of attorney's fees *for the litigation in question* does not prevent judgment on the merits from being final," 486 U.S. at 202, 108 S.Ct. at 1722 (emphasis added), other courts have recognized the distinction between *Budinich/Kelly Inn* attorney's fees and requests for attorney's fees that are substantively part of compensatory damages necessary to remedy the plaintiff's injury. *See, e.g., Justine Realty Co. v. American Nat'l Can Co.,* 945 F.2d 1044, 1047–48 (8th Cir.1991) (finding that *Budinich* did not address nor apply to attorney's fees provided by contract and incurred in pre-litigation performance of the contract and that such fees, which are substantively part of compensatory damages, must be quantified before final judgment); *Vargas v. Hudson County Bd. of Elections,* 949 F.2d 665, 667 (3d Cir.1991). In *Vargas,* the Court distinguished *Budinich-*type attorney's fees that are awarded to the prevailing party for the litigation before the court from attorney's fees owed to a third-party that are an element of damages sought by an indemnitee. Finding that the latter sort of fees must be quantified prior to appeal, the Third Circuit explained that *Budinich* did not hold that all claims for attorney's fees are collateral matters that do not affect the finality of judgments. *Vargas,* 949 F.2d at 669–70. Likewise, *Kelly Inn* did not hold that all claims for attorney's fees are collateral matters that do not affect the finality of judgments. Our decision in *Kelly Inn* parallels *Budinich,* and the analysis of *Budinich* in *Vargas* and *Justine Realty Co.*

approximates our view of *Kelly Inn's* parameters.

■ There is a strong policy in New Mexico of disfavoring piecemeal appeals, 113 N.M. at 239, 824 P.2d at 1041, and of avoiding fragmentation in the adjudication of related legal or factual issues, *Banquest/First Nat'l Bank v. LMT, Inc.,* 105 N.M. 583, 585, 734 P.2d 1266, 1268 (1987). Our decision today supports this policy and promotes judicial efficiency. We recently stated that the holding of *Kelly Inn* is limited to its facts, *see Trujillo v. Hilton of Santa Fe,* 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993), and we decline to extend the course of *Kelly Inn* by making a blanket ruling that all unresolved damages requests containing attorney's fees do not disrupt finality. Whether a judgment must resolve issues of attorney's fees to be final depends upon whether the analysis here or in *Kelly Inn* applies, as we continue to analyze finality on a case-by-case basis.

■ The fact that this case involves a request for declaratory relief pursuant to the Declaratory Judgment Act does not affect our decision because the issue of damages was fairly before the district court. In general, the requirement that judgments must be final in order to be appealable applies in declaratory judgment actions as in regular actions for coercive relief. *Peterson v. Lindner,* 765 F.2d 698, 703 (7th Cir.1985); *Southern Parkway Corp. v. Lakewood Park Corp.,* 273 F.2d 107, 108 (D.C.Cir.1959); *Williams v. Bromley,* 622 A.2d 1171, 1172 (Me.1993); *see Curlott v. Campbell,* 598 F.2d 1175, 1180 (9th Cir.1979); *see also Allstate Ins. Co. v. Firemen's Ins. Co.,* 76 N.M. 430, 432, 415 P.2d 553, 554 (1966) (stating that the Declaratory Judgment Act does not enlarge the jurisdiction of courts over subject matter). In a declaratory action, however, damages pursuant to a judgment on liability may be litigated in a separate case. *See, e.g., United States v. Washington,* 759 F.2d 1353, 1356 (9th Cir.) (finding that a declaratory judgment granting relief on some issues but expressly excluding certain issues from its scope was final and

appealable), *cert. denied,* 474 U.S. 994, 106 S.Ct. 407, 88 L.Ed.2d 358 (1985). When the scope of a lawsuit for declaratory relief is limited to the issue of liability alone, a declaratory judgment on liability can be final without a ruling on damages. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). Requests for damages may then be pursued in separate litigation as supplemental relief under the Declaratory Judgment Act, Section 44–6–9, or through other legal action. *See* Restatement (Second) of Judgments § 33 cmt. c (1982).

■ However, when a request for damages is part of a declaratory action, like suits for coercive relief, the judgment is not final until the damage award is quantified. *See Peterson,* 765 F.2d at 702–04 (finding a declaratory judgment not final and appealable because it left the issue of the availability of damages open for future resolution). This does not affect the district court's discretion concerning whether to accept jurisdiction over a declaratory action. *See Western Farm Bureau Mut. Ins. Co. v. Barela,* 79 N.M. 149, 152, 441 P.2d 47, 50 (1968). It simply means that if the district court accepts jurisdiction over an issue of the recoverability or amount of damages, the damages award must be quantified for the declaratory judgment to be final.

Here it is clear that the district court assumed jurisdiction over the issue of damages. In its Amended Judgment of January 31, 1992, the district court awarded damages, including the three sets of attorney's fees, and expressly stated that the amount of the attorney's fees would be decided at a separate hearing before the district court. Whether the issue of the damages award was raised in the plaintiff's complaint or by other means, the district court did assume jurisdiction over its adjudication.

This is so despite the fact that the district court ordered the claim for recovery of the three sets of attorney's fees "severed" to be heard at a later, separate "trial." Based upon the language of the Order and the fact that damages including attorney's fees were awarded in the district court's judgment, we find that the Order did not truly sever the issue of damages from the case before us. Instead, the order merely separated the issue of damages from other issues in the litigation for separate hearing within the same case and trial. As stated above, while it is clearly permissible to limit the scope of a declaratory judgment to the issue of liability alone, when a court accepts and retains jurisdiction over an issue of damages in this manner, the issue of damages must be finally resolved.

### CONCLUSION

The district court assumed jurisdiction over the issue of damages in this declaratory action. Because the damages award, including elements of attorney's fees incurred in previous litigation, was not quantified, the judgment of the district court was not final and appealable. Therefore, for lack of jurisdiction, we dismiss the appeal without prejudice.

**IT IS SO ORDERED.**

BACA and FRANCHINI, JJ., concur.