2003-NMCA-022

62 P.3d 317

**ALBUQUERQUE COMMONS PARTNERSHIP, Petitioner–Appellee,**

v.

**CITY OF ALBUQUERQUE, Respondent–Appellant,**

**and**

**Inez Neighborhood Assn., Mark Twain Neighborhood Assn., New Kimo Neighborhood Assn., Zuni Neighborhood Assn., and The Uptown Assn., Inc., Interested Parties.**

No. 22,402.

Court of Appeals of New Mexico.

Oct. 3, 2002.

Timothy V. Flynn–O'Brien, George R. "Pat" Bryan, III, Bryan & Flynn–O'Brien, Albuquerque, NM, for Appellee.

Robert M. White, City Attorney, David Suffling, Assistant City Attorney, Albuquerque, NM, for Appellant.

Paul M. Kienzle, III, Scott & Kienzle, P.A., John P. Salazar, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, NM, for Interested Parties.

## OPINION

ALARID, Judge.

{1} This case presents this Court with the question of whether the present appeal to the district court from an adverse decision of a municipal zoning authority has resulted in a final, appealable order. The issue of finality is complicated in the present case because the petition for judicial review of the zoning authority's decision also asserted claims for money damages against the zoning authority, one of which is still pending before the district court. We hold that the present appeal is premature and that unless and until the district court finally disposes of the pending

claim for damages, or certifies the appeal pursuant to Rule 1–054(C)(1) NMRA 1996,[1] there is no final order to support appellate jurisdiction in this Court.

## Background

{2} Because we are not concerned with the merits of this appeal at the present time, we provide only the following extremely abbreviated summary of the procedural history of this case.

{3} In 1984, Albuquerque Common Partnership (ACP) leased approximately 19.3 acres in the Uptown area of Albuquerque from the Archdiocese of Santa Fe. The term of the lease was 99 years, with an option pursuant to which ACP could terminate the lease in 1999. The property is located at the intersection of Louisiana Boulevard and Indian School Road, near the Winrock and Coronado shopping centers. The property was located in an area zoned SU–3 and was subject to the 1981 Uptown Sector Development Plan.

{4} In September 1994, ACP submitted a site development plan for the property to the City of Albuquerque's Environmental Planning Commission (EPC) for EPC approval. ACP proposed to develop five retail buildings and three restaurant pads on the property. In June 1995, while ACP's application for approval of its site plan was winding its way through the administrative review process, the City Council enacted a revised Sector Plan (the 1995 Sector Plan). On June 22, 1995, the EPC staff, citing the 1995 Sector Plan, recommended indefinite deferral action on ACP's site plan. On July 6, 1995, the EPC voted to indefinitely defer action on ACP's site plan.

{5} On July 9, 1995, ACP filed in district court, a "Petition for Review Pursuant to § 3–21–9, N.M.S.A." naming the City Council as respondent. In October 1996, ACP amended its petition to add damages claims alleging violations of procedural and substantive due process, state law inverse condemnation and unconstitutional taking in violation

---

1. The 1996 rule was subsequently reordered and appears in the same form but under current rule, rule 1–054(B)(1) NMRA 2000. Therefore, any further citations to the rule that appears in this opinion shall be referred to as Rule 1–054(B)(1).

of the Fifth and Fourteenth Amendments to the United States Constitution. In April 1998, ACP filed a Second Amended Petition, alleging additional efforts by ACP to exhaust its administrative remedies.

{6} The City moved for summary judgment. In a July 23, 1999 order, the district court (Judge Susan M. Conway) ruled that the City, in enacting the 1995 Sector Plan, had downzoned ACP's property without affording ACP quasi-judicial review of its application by an impartial decision maker. The district court prohibited the City from applying the 1995 Sector Plan and ordered the City to reconsider ACP's application under the 1981 Sector Plan. The district court denied the City's motion for summary judgment on ACP's procedural due process claim and ordered a hearing to determine if ACP should be awarded damages. The district court dismissed the remainder of ACP's Second Amended Petition.

{7} On remand, ACP requested approval of its site plan. The application again wound its way through the administrative review process, eventually reaching the City Council. On March 20, 2000, the City Council voted 8–0 to deny approval to the ACP site plan.

{8} ACP returned to district court. ACP filed a "Petition for Writ of Certiorari." In its Petition, ACP set out the prior history of the case, including the earlier appeal to the district court. The Petition asserted that the case should be assigned to the same district judge who had heard the first appeal because "it presents a violation of her order and because the case involves thousands of documents with which the [original judge] is already familiar." The Petition requested the district court to reverse the City Council's order, enter its own order approving the site plan and declaring that the City "violated ACP's rights under state law and the City Zoning Code and violated ACP's Constitutional rights."

{9} ACP filed a statement of appellate issues, to which ACP attached various documents, including a copy of the district court's July 23, 1999 order entered in the original appeal. The City moved to strike the July 23, 1999 order. The City also moved to strike all references and citations to the record in the earlier appeal contained in ACP's statement of appellate issues. The City argued that the district court record from the original appeal was not part of the administrative record in this second appeal and that the district court's July 23, 1999, order was an "interim order[,] subject to change and subject to the City's constitutional right to appeal." The City filed a motion to consolidate the present appeal with the original case; one count of which, as previously noted, was still pending before the judge assigned to the original case. However, the City subsequently withdrew its motion to consolidate. The district court (Judge William F. Lang) denied the City's motions to strike.

{10} On June 19, 2001, the district court (Judge Lang) entered an order reversing the City Council's March 20, 2000 decision and directing the City Council to approve the ACP site plan. On July 5, 2001, the City filed in this Court a "Petition for Certiorari and Alternatively Notice of Appeal from a Decision of Judge William F. Lang."

## Discusssion

{11} In *Highway & Transp. Dep't v. City of Sunland Park*, 2000–NMCA–044, ¶¶ 10–12, 129 N.M. 151, 3 P.3d 128, we recognized that a district court may exercise its appellate and original jurisdiction in a single proceeding. ACP's 1995 Amended Petition anticipated our decision in *Sunland Park* by joining an appeal from the City Council with damages claims within the district court's original jurisdiction. The district court's July 23, 1999 order did not dispose of the entire case before Judge Conway; indeed, we understand that ACP's claim for damages for the violation of procedural due process claim is still pending before Judge Conway. By operation of Rule 1–054(B)(1),

any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

Further, the portion of the July 23, 1999 order remanding the site plan for reconsider-

ation by the City was not a final order as to the appeal, *see High Ridge Hinkle Joint Venture v. City of Albuquerque,* 119 N.M. 29, 33–34, 888 P.2d 475, 479–80 (Ct.App.1994), and could not have been certified for immediate appeal pursuant to Rule 1–054(B)(1). Thus, the July 23, 1999 order was not a final order as to any of the claims, whether within the district court's appellate or original jurisdiction.

{12} The proceedings in the district court before Judge Lang did finally dispose of the appeal. *Bustamante v. C. De Baca,* 119 N.M. 739, 741–42, 895 P.2d 261, 263–64 (Ct. App.1995). However, notwithstanding the two different case numbers and the fact that the appellate proceeding was assigned to a second judge, the present appeal involves part of a case that was filed in 1995 and is still pending before the district court. We conclude that in the absence of a certification pursuant to Rule 1–054(B)(1), the order entered by the district court on June 19, 2001 was not a final, appealable order.

{13} The order granting the City's petition for a writ of certiorari is hereby vacated and the writ of certiorari quashed.

{14} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge and MICHAEL D. BUSTAMANTE, Judge.