2004-NMCA-128

101 P.3d 339

The **BOARD OF TRUSTEES OF THE VILLAGE OF LOS RANCHOS DE AL-BUQUERQUE** and **Cynthia Tidwell, Planning and Zoning Administrator for the Village of Los Ranchos de Albuquerque, and Linda Anne Hutchinson Cronk, Respondents–Appellants,**

v.

Richard **SANCHEZ, Olga Sanchez, Vincent Sanchez, Raymond Fuentes, Kate Fuentes, Chester R. Vernon, And Barbara Vernon, Petitioners–Appellees.**

No. 24,220.

Court of Appeals of New Mexico.

Sept. 16, 2004.

Certiorari Denied, No. 28,915, Nov. 10, 2004.

David L. Mathews, Bernalillo, NM, for Appellants Board of Trustees and Cynthia Tidwell.

David S. Campbell, Vogel, Campbell & Blueher, P.C., Albuquerque, NM, for Appellant Linda Anne Hutchinson Cronk.

Dennis M. McCary, McCary, Wilson & Pryor, Albuquerque, NM, for Appellees.

## OPINION

WECHSLER, Chief Judge.

{1} In this appeal, we consider whether the issuance of a peremptory writ of mandamus under NMSA 1978, § 44–2–7 (1884) is a final order for purposes of appeal when an issue of damages in connection with the activity covered by the writ has not been resolved. We hold that the order granting the peremptory writ of mandamus is not final and remand to the district court.

{2} Petitioners, Richard, Olga, and Vincent Sanchez, Raymond and Kate Fuentes, and Chester R. and Barbara Vernon, filed a verified petition for mandamus in district court seeking to compel Respondents, the Board of Trustees of the Village of Los Ranchos de Albuquerque (Board of Trustees) and its Planning and Zoning Administrator, Cynthia Tidwell, to enforce zoning ordinances relating to the use of an adjoining or nearby property within the village. Petitioners contended that the use of the property violated the ordinance because it was used for public horse shows and to stable more than the allowable eleven horses. They also sought damages.

{3} The district court informed the parties in a letter ruling that it would grant Petitioners' motion for summary judgment. Before entry of an order, Respondents moved for permission to file an interlocutory appeal. Respondents stated that the court's action on the merits of the writ of mandamus was a final decision practically disposing of the case under NMSA 1978, § 39–3–2 (1966). They nevertheless requested an immediate appeal to advance "the ultimate termination of the litigation," noting that the issue of damages, which included the loss of enjoyment of the property, was not simple and would involve extensive testimony. The district court did not grant the motion.

{4} The district court issued an alternative writ of mandamus, ordering Respondents to enforce the zoning code and to pay damages and costs sustained by Petitioners or show cause why they should not act as directed by the writ. It ordered that the owner of the property, Linda Anne Hutchinson Cronk, be joined as a Respondent in the proceeding.

{5} The district court subsequently entered its order granting Petitioners partial summary judgment. It ordered the issuance of a peremptory writ of mandamus, requiring the Board of Trustees and Tidwell to enforce the existing ordinance as defined by the court, issued an injunction against Respondent Cronk, and reserved for further hearing the issue of "damages, costs and other disbursements, if any, which should be awarded Petitioners." Board of Trustees and Cronk filed a joint notice of appeal from the issuance of the peremptory writ of mandamus and the summary judgment order. Petitioners filed a motion to dismiss the appeal. This Court held the motion in abeyance pending calendaring. The appeal was placed on the general calendar, briefed, and submitted to a panel. We now dismiss the appeal for lack of a final order.

{6} Because of the problems attendant to piecemeal appeals, New Mexico courts adhere to the rule that an order or judgment is not final for purposes of appeal if the issue of damages is outstanding. *See Principal Mut. Life Ins. Co. v. Straus,* 116 N.M. 412, 413, 863 P.2d 447, 448 (1993); *Albuquerque Commons P'ship v. City of Albuquerque,* 2003–NMCA–022, ¶ 1, 133 N.M. 226, 62 P.3d 317; *City of Sunland Park v. Paseo del Norte Ltd. P'ship,* 1999–NMCA–124, ¶ 1, 128 N.M. 163, 990 P.2d 1286; *Cole v. McNeill,* 102 N.M. 146, 147, 692 P.2d 532, 533 (Ct.App.1984). When the issue of damages remains, the order or judgment has not practically disposed of the merits of the case. *Principal Mut. Life Ins. Co.,* 116 N.M. at 413, 863 P.2d at 448.

{7} In this mandamus proceeding, the verified petition requested, and the alternative writ of mandamus ordered, damages, attorney fees and costs in addition to the enforcement of the zoning ordinance. Indeed, the statutes pertaining to mandamus specifically authorize such relief. NMSA 1978, § 44–2–12 (1884) ("If judgment is given for the plaintiff, he shall recover the damages which he has sustained, together with costs and disbursements."). We limit our discussion to the order for damages based on the motion to dismiss.

{8} In her response to the motion to dismiss, Respondent Cronk contends that the issuance of the writ of mandamus is appealable in and of itself, without regard to the issue of damages. She relies on NMSA 1978, § 44–2–14 (1887), which states: "That in all cases of proceedings by mandamus in any district court of this state, the final judgment of the court thereon shall be reviewable by appeal or writ of error in the same manner as now provided by law in other civil cases." Respondent Cronk argues that the district court "has issued its final judgment on the writ of mandamus" and that "[t]here are no further issues before the Court as to the relief ordered in the writ of mandamus." Thus, according to this reasoning, the peremptory writ of mandamus is "reviewable by appeal" under Section 44–2–14. We do not agree with Respondent Cronk's reading of this statute.

{9} We read the statutes concerning mandamus for internal consistency. *See Ramirez v. IBP Prepared Foods,* 2001–NMCA–036, ¶ 16, 130 N.M. 559, 28 P.3d 1100 (stating that when interpreting statues "[w]e must attempt to achieve internal consistency and avoid making any portion of the statute superfluous"). Section 44–2–12 states: "If judgment is given for the plaintiff, he shall recover the damages which he has sustained, together with costs and disbursements, and a peremptory mandamus shall be awarded without delay." It therefore allows recovery of damages if the district court concludes in Petitioners' favor and grants the writ, and the court must then award the peremptory writ of mandamus without delay. Section 44–2–12. We do not construe this language to mean that an appeal lies from a "judgment" granting a writ of mandamus if the issue of damages has not been resolved. The legislature precluded such an appeal by enacting, in 1897, the language of Section 44–2–14 which provides that "the final judgment of the court" in a mandamus proceeding "shall be [reviewed] by appeal or writ of error in the same manner as now provided by law in other civil cases." It had previously, in 1893, provided that appeals and writs of error be taken from "final decrees or judgments." C.L. 1897, Section 3136. As stated in Section 44–2–14, the territorial legislature intended that appeals in mandamus proceedings be the same as in other civil cases.

{10} Respondent Cronk narrowly reads Section 44–2–14 to argue that because the district court has issued its final judgment on the writ of mandamus, the matter is now "reviewable by appeal." However, because the legislature distinguished between "judgment" in Section 44–2–12 and "final judgment" in Section 44–2–14, we do not believe that this argument has merit. Although the district court may have determined to grant the writ of mandamus, this determination incorporated into a judgment is not a final judgment reviewable on appeal. *See Key v. Chrysler Motors Corp.,* 121 N.M. 764, 769, 918 P.2d 350, 355 (1996) (stating that all parts of a statute must be read in connection with every other part to produce a harmonious whole).

{11} Respondents make additional arguments against the dismissal of this appeal. Respondent Cronk urges that we interpret the rule of finality practically rather than technically. *See Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992). Respondents Board of Trustees and Tidwell argue that they have a strong case on the merits and the issue of damages will not be examined if they are successful in this appeal. However, the rule of finality that a judgment or order is not final if the issue of damages has not been resolved is not within the "twilight zone of finality" as Respondent Cronk implies. *See Clancy v. Gooding,* 98 N.M. 252, 254, 647 P.2d 885, 887 (Ct.App.1982) (stating the general rule that "a judgment or order is not final unless all issues of law and of fact necessary to be determined have been determined, and the case has been completely disposed of to the extent the court has power to dispose of it"). It is a well-settled principle. *Principal Mut. Life Ins. Co.,* 116 N.M. at 414, 863 P.2d at 449 ("This principle of finality is also well-settled in the federal courts."). As Respondents acknowledge in their motion for an interlocutory appeal, this case does not merely involve the ministerial or formulaic calculation of damages.

{12} We underscore the policy disfavoring piecemeal appeals. *See id.* at 415, 863 P.2d at 450. The mandamus statutes contemplate that a mandamus proceeding be treated in the same way as any civil action. Section 44–2–14. We do not delve into the merits to treat the issuance of a writ of mandamus differently. *Cf. City of Sunland Park,* 1999–NMCA–124, ¶¶ 1, 10–11, 128 N.M. 163, 990 P.2d 1286 (declining to deviate from general rule of finality in condemnation proceeding in which court's order granted possession to condemner, infringing upon condemnee's property interests, without resolving the issue of damages). In any case in which the issue of damages is reserved after liability is determined, the issue of damages would be rendered moot or affected in some manner if the determination of liability were overturned on appeal. *See Hamman v. Clayton Mun. Sch. Dist. No. 1,* 74 N.M. 428, 429, 394 P.2d 273, 274 (1964) (stating that "[a] case is moot when it does not involve any actual controversy [or][w]here the issues involved in the trial court no longer exist"); *Insure N.M., LLC v. McGonigle,* 2000–NMCA–018, ¶¶ 24, 25, 128 N.M. 611, 995 P.2d 1053 (refusing to issue an advisory opinion where a defendant's claim had been rendered moot). The requirements of finality apply notwithstanding such a procedural reality.

{13} Lastly, Respondent Cronk asserts that counter motions for summary judgment constitute final judgments, and Respondent Board of Trustees and Tidwell assert that a partial summary judgment can constitute a final judgment for appellate review. We agree, in circumstances in which the ruling on the motion or motions disposes of the case "to the fullest extent possible." *Sunwest Bank v. Nelson,* 1998–NMSC–012, ¶ 6, 125 N.M. 170, 958 P.2d 740 (internal quotation marks and citation omitted). By way of example, in *Davis v. Board of County Commissioners,* 1999–NMCA–110, 127 N.M. 785, 987 P.2d 1172, cited by Respondent Cronk, the district court denied the plaintiff's motion for summary judgment and granted the defendant's motion. *Id.* ¶ 10. Its decision defeated the plaintiff's claims, and it no longer had before it any issue on which to proceed. *Id.* In other cases cited by Respondents Board of Trustees and Tidwell, a partial summary judgment was reviewed on appeal after a trial on the merits had been held for a final order entered. *See Adobe Masters, Inc. v. Downey,* 118 N.M. 547, 548, 883 P.2d 133, 134 (1994); *Cress v. Scott,* 117 N.M. 3, 5, 868 P.2d 648, 650 (1994); *Sun Country Sav. Bank v. McDowell,* 108 N.M. 528, 529, 775 P.2d 730, 731 (1989). In *Rummel v. St. Paul Surplus Lines Insurance Co.,* 1997–NMSC–042, ¶ 1 n. 1, 123 N.M. 767, 945 P.2d 985, our Supreme Court noted by footnote that the summary judgment "was only partial because the trial court had not yet resolved the claim of abuse of process." However, finality is not addressed in the opinion and there is no explanation by the Court concerning its review of the case. We cannot conclude from *Rummel* that a partial summary judgment that leaves issues remaining for decision by the district court is reviewable on appeal.

*Conclusion*

{14} The district court's grant of partial summary judgment and issuance of a writ of mandamus was not a final order for purposes of appellate review because it did not resolve the issue of damages requested by Petitioners. We dismiss this appeal and remand to the district court.

{15} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and IRA ROBINSON, Judges.