This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARLOS OGDEN and
HENRY BURK FLEMING,**

    Plaintiffs-Appellees,

v.                                **NO. 29,746**

**PETE Q. TORRES and
ROSEMARY MACDONALD,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
Gary Jeffreys, District Judge**

Jeffrey W. Smith
Deming, NM

for Appellees

Peter A. Keys
Silver City, NM

for Appellants

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Pete Torres and Rosemary McDonald (Defendants) seek to appeal from an amended default judgment and order denying relief pursuant to Rule 1-060(B) NMRA. We issued a notice of proposed summary disposition, proposing to dismiss the appeal principally for want of a final order. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

As we explained in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *see also Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. "[F]or purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985).

As we previously indicated, the order from which Defendants seek to appeal does not resolve the underlying issues to the fullest extent possible. To the contrary,

the question of damages, which was specifically and repeatedly raised in the complaint, [RP 1-15] remains pending for decision "at a later date." [RP 60] Under such circumstances, the underlying order cannot be regarded as final and appealable. *See Principal Mut. Life Ins. Co. v. Straus*, 116 N.M. 412, 416, 863 P.2d 447, 451 (1993) (observing that, "when a request for damages is part of a declaratory action . . . the judgment is not final until the damage award is quantified," and holding that an order addressing liability was not final because the amount of the damages and attorney fees had not been determined); *Cole v. McNeill*, 102 N.M. 146, 148, 692 P.2d 532, 534 (Ct. App. 1984) (holding that an order denying a motion to set aside a default judgment was not final and appealable when a question of damages remained unresolved).

In their memorandum in opposition, Defendants provide no response to our stated concerns about the lack of a final, appealable order. Instead, they focus exclusively on the question of Rosemary McDonald's standing. [MIO 1-4] Although her apparent lack of standing remains a concern, the absence of a final order renders this issue superfluous.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, this appeal is dismissed.

**IT IS SO ORDERED.**

_____
JAMES J. WECHSLER, Judge

WE CONCUR:


_____
MICHAEL D. BUSTAMANTE, Judge


_____
JONATHAN B. SUTIN, Judge

4