This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CLINT WELLBORN, District Attorney
for the Seventh Judicial District,**

Petitioner-Appellee,

v.                                                                          NO. 30,689

**THE HONORABLE JIM NARANJO,
Magistrate Judge for Socorro County,**

Respondent,

**IN THE MATTER OF STATE V. ROBERT
TORRES, NO. M-52-FR-2010-00130 and
NO. M-52-FR-2010-00054,**

Real Party in Interest/Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY
Kevin Sweazea, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from the district court's order granting District Attorney's (the State) petition for writ of prohibition or superintending control. [RP 20] Our notice proposed to dismiss for lack of a final order. Defendant filed a timely memorandum in opposition. Unpersuaded by Defendant's arguments, we dismiss.

The order from which Defendant appeals quashes the magistrate court's orders disqualifying the Seventh Judicial District Attorney's Office (DA's office) from prosecuting Defendant in two separate cases. *See* M-52-FR-2010-00130 and M-52-FR-2010-00054. [RP 20] The district court's order also remands both matters to the magistrate court for further proceedings. [RP 21] Because further matters remain to be adjudicated, we dismiss for lack of a final order. *See generally State v. Montoya*, 2005-NMCA-005, ¶¶ 4-5, 136 N.M. 674, 104 P.3d 540 (discussing that when the district court enters an order of remand to the magistrate court that requires further substantive determinations, the order is not final for purposes of appeal); *Bd. of Trustees of Vill. of Los Ranchos de Albuquerque v. Sanchez*, 2004-NMCA-128, ¶¶ 1, 14, 136 N.M. 528, 101 P.3d 339 (holding that a peremptory writ of mandamus is not

2

a final order for purposes of appeal when an issue of damages in connection with the activity covered by the writ has not been resolved).

Moreover, as noted, in both cases the district court has remanded for preliminary hearings. It is entirely possible that Defendant may not be bound over to the district court or, if he is, Defendant may still be acquitted in the district court. In either event, Defendant's issues would be rendered moot. *See State v. Wyrostek*, 117 N.M. 514, 523, 873 P.2d 260, 269 (1994) (recognizing that this Court will not issue advisory opinions).

While Defendant would prefer to be able to challenge the district court's ruling before being subjected to a preliminary hearing and the possibility of being bound over to district court [MIO 2], the lack of finality and possibility for mootness preclude us from addressing the merits. Because Defendant's arguments may be considered in a direct appeal in the event he is ultimately convicted, we decline to address them now. *See generally State v. Armijo*, 118 N.M. 802, 806, 887 P.2d 1269, 1273 (Ct. App. 1994) (recognizing that a defendant may raise a disqualification issue on direct appeal following conviction, whereas the state may appeal the disqualification of a prosecutor pursuant to the collateral order doctrine due to double jeopardy implications). Similarly, we acknowledge Defendant's argument that the district court's order was procedurally defective because it was entered before he was

given the opportunity to file an answer to the State's petition for writ of prohibition or superintending control. [MIO 2] This too, however, is a matter related to the underlying merits of Defendant's appeal that we are precluded from addressing until finality requirements have been met. *See, e.g., Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992) (providing that a judgment is not final if a question remaining to be decided thereafter could alter, revise, or moot the decisions embodied therein), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993).

Based on the foregoing discussion, we dismiss for lack of a final order.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**LINDA M. VANZI, Judge**