This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF ALBUQUERQUE, ex rel.,**
**ALBUQUERQUE POLICE**
**DEPARTMENT**,

     Plaintiff/Counter-Defendant-Appellant,

v.                                 **NO. 33,496**

**ONE (1) CHEVY S10, VIN:**
**1GCCS19X3W8133665, NEW**
**MEXICO LICENSE #FWB021,**

     Defendant,

v.

**JOHN JARUZEL, on behalf of himself**
**and as the personal representative of the**
**estate of his deceased wife FE DUNCAN.**

     Claimants/Counter-Plaintiffs-Appellee

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

David Tourek, City Attorney
Nicholas Bullock, Assistant City Attorney
Jeffrey B. Driggers, Assistant City Attorney
Gregory S. Wheeler, Assistant City Attorney
Albuquerque, NM

for Appellant

The Barnett Law Firm, P.A.
Colin L. Hunter
Diego Esquibel
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} The City of Albuquerque (Appellant), seeks to appeal from an order of the district court granting summary judgment on Count IV of Appellee's counter complaint. We issued a notice of proposed summary disposition proposing to dismiss this appeal for lack of a final order. Appellant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore dismiss this appeal.

{2} "This Court's jurisdiction lies from final, appealable orders." *Coulston Found. v. Madrid*, 2004-NMCA-060, ¶ 7, 135 N.M. 667, 92 P.3d 679: *see also* NMSA 1978, § 39-3-2 (1966). Whether an order is final, such that an appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *See Britt v. Phoenix Indem. Ins. Co.*, 1995-NMSC-075, ¶ 5, 120 N.M. 813,

907 P.2d 994; *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

{3}     Generally, an "order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *See Kelly Inn No. 102, Inc. V. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citation omitted). The district court's order granting summary judgment on Count IV of Appellee's counter complaint does not dispose of the case to the fullest extent possible because it only resolves the constitutional claims raised in the counter complaint. Appellee also asserted other claims against Appellant, alleging violations of the New Mexico Forfeiture Act (NMFA), NMSA 1978, Section 31-27-6(E) (2002), and that the City had unlawfully exceeded its authority under NMSA 1978, Section 3-18-17 (2009) to define a "nuisance." [RP 19-20]. The district court's order granting summary judgment does not resolve these claims.

{4}     Additionally, the district court's order does not contain decretal language indicating that the district court intended for the order to be final and appealable. It does not order that judgment be entered nor does it order any specific relief. *See High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1994-NMCA-139, ¶ 29, 119 N.M. 29, 888 P.2d 475 (stating that an appealable order must contain decretal language); *see*

3

*also Khalsa*, 1998-NMCA-110, ¶ 13, 125 N.M. 680, 964 P.2d 844 (stating that the difference between a decision and a judgment is the "inclusion of decretal language that carries the decision into effect by ordering that something happen or, when appropriate, by entering judgment for a sum certain in favor of one party and against the other party"). We therefore remain of the opinion that the order in this case is not final. *See Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶ 8, 148 N.M. 616, 241 P.3d 617 ((stating that a "decision is generally not considered final for purposes of appeal if it contains neither decretal language nor provisions directing the entry of judgment" (internal quotation marks and citation omitted)).

{5}     In its memorandum in opposition, Appellant recognizes that Appellee has outstanding claims under the NMFA and Section 3-18-17 (2009). [MIO 3] However, Appellant argues that adjudication of these claims "would not alter the judgment or moot or revise the Order." [MIO 3] However, the issue is whether all claims between the parties have been adjudicated, not whether the district court's decision on Count IV of the counter complaint would be affected by adjudication of the remaining claims. *See* Rule 1-054(B)(1) (stating that the district court can enter a final order as to one or more but fewer than all of the claims in an action only upon an express determination that there is no just reason for delay, and in the absence of such

4

determination, any order which adjudicates fewer than all the claims shall not terminate the action as to any of the claims).

{6} We also find fail to understand Appellant's reliance on *Clancy v Gooding*, 1982-NMCA-096, 98 N.M. 252, 647 P.2d 885. [MIO 3] In *Clancy*, the issue before the Court was whether the district court's denial of the plaintiff's motion to amend the complaint was a final order. *Id.* ¶¶ 7-11. We held that the order in that case was not final because plaintiff had not demonstrated that her cause of action against the defendant would be effectively lost or irreparably damaged. *Id.* ¶10. Appellant now argues that, unlike the plaintiff in *Clancy*, its cause of action is "effectively lost" as a result of the lower court's order. [MIO 4] In actuality, however, the cause of action was not "effectively lost" but was adjudicated below, and Appellant did not prevail. We fail to see how the fact that the district court decided against Appellant could convert a non-final order into a final order where outstanding counterclaims and demands for damages remain to be decided. Until the outstanding claims against Appellant are decided, we remain of the opinion that there is no final order in this case. *See Village of Los Ranchos Bd. Of Trustees v. Sanchez*, 2004-NMCA-128, ¶ 6, 136 N.M. 528, 101 P.3d 339 ("Because of the problems attendant to piecemeal appeals, New Mexico courts adhere to the rule that an order or judgment is not final for purposes of appeal if the issue of damages is outstanding.").

{7} Appellant also argues that the district court is treating the order as a final order because it has considered and rejected Appellee's motion for attorney fees. Appellant argues that the district court did not consider the motion for fees to be premature and considered it on the merits. Therefore, Appellant argues that the district court believes that order is final. [MIO 4-5] However, as Appellant recognizes in its memorandum in opposition, the order does not contain the requisite certification language of Rule 1-054(B)(1). We are of the opinion that the language in the rule is clear, and that in the absence of proper certification, there is no final order in this case. *See* Rule 1-054(B)(1) ("[W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim[,] or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.").

{8} Finally, we reject Appellant's argument that the order should be treated as final because news outlets may have misreported the import of the district court's order. [MIO 4-5] We note, however, that once a final order has been entered in this case,

6

Appellant is free to appeal in accordance with the rules of procedure. For these reasons, we hold that there is no final order in this case, and the appeal is therefore premature. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 10, 112 N.M. 226, 814 P.2d 94 (stating that an order dismissing fewer than all of the claims generally is not "a final order from which appeal properly may be taken"). We therefore dismiss this appeal.

{9}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**RODERICK KENNEDY, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**