This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE NATIONAL EDUCATION ASSOCIATION OF NEW MEXICO, CENTRAL CONSOLIDATED EDUCATIONAL ASSOCIATION, AND APRIL BAISAN,**

Petitioners-Appellees,

v.                                                        NO. 34,151

**CENTRAL CONSOLIDATED SCHOOL DISTRICT AND DON LEVINSKI, Superintendent,**

Respondents-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Jones, Snead, Wertheim & Clifford, P.A.
Jerry Todd Wertheim
Roxie De Santiago
Santa Fe, NM

for Appellees

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Zachary L. McCormick

Lorena Olmos
Mia L. Kern
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}**     Respondents seek to appeal from the district court's order denying their motion for reconsideration of the issuance of the writ of mandamus. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Respondents have filed a memorandum in opposition to our notice. Petitioners have filed a memorandum in support of our notice, which includes a request for attorney fees. [MIS 8-10] We have considered both responses to our notice. We remain persuaded that Respondents seek to appeal from a non-final order. Also, we are not persuaded to award attorney fees on appeal, because Petitioners are not expected to file a motion to dismiss or a response in support of our notice. For the reasons stated below, we dismiss Respondents' appeal. Petitioners' request for attorney fees is hereby denied. Because we dismiss in this opinion, Petitioners' motion to dismiss is rendered moot.

**{2}**     Our notice proposed to hold that the district court abused its discretion in certifying the writ for immediate appeal because neither the writ nor the order denying reconsideration of the writ resolves Petitioners' single claim for mandamus relief. *See*

*Khalsa v. Levinson*, 1998-NMCA-110, ¶ 19, 125 N.M. 680, 964 P.2d 844 (stating that "this Court has held that a trial court abuses its discretion by certifying an order that determines an issue common to some of the claims but does not actually dispose of any one claim"). We pointed out that the issuance of a peremptory writ of mandamus is not a final, appealable order where the amount of damages was not resolved, when the petition requested, and the writ ordered, an indeterminate amount of damages, attorney fees, and costs. *See Board of Trustees of Village of Los Ranchos de Albuquerque v. Sanchez*, 2004-NMCA-128, ¶¶ 4, 7, 11, 136 N.M. 528, 101 P.3d 339 (holding in mandamus proceeding that issue of damages that was not a "ministerial or formulaic calculation" precluded finality). Where there is no determinate award of damages, the single claim for mandamus relief has not been resolved. *See id.*, ¶¶ 4, 7, 11-12.

{3}     In their memorandum in opposition, Respondents first discuss the propriety of the district court's decision to grant the writ. [MIO 2-6] Respondents argue that the district court lacked jurisdiction to hear this matter and should have denied Petitioners' petition for writ of mandamus on that basis. [Id.] Although Respondents can raise these arguments after the district court has entered a final order, we will not improperly exercise our jurisdiction over a non-final order to entertain such an

3

argument. *See Coulston Found. v. Madrid*, 2004-NMCA-060, ¶ 7, 135 N.M. 667, 92 P.3d 679 ("This Court's jurisdiction lies from final, appealable orders.").

**{4}** In response to the proposed analysis contained in our notice, Respondents contend that the issue of damages is not intertwined with the underlying issue of whether Ms. Baisan is entitled to a hearing before the local school board. [MIO 6-8] Respondents also claim that the "no just reason for delay" determination is for the district court to decide, not for Respondents to defend. [Id.] We do not agree.

**{5}** As indicated in our notice, the district court improperly determined that there were multiple claims in this mandamus action and that the district court was permitted under Rule 1-054(B)(1) NMRA to certify its decision on one of those claims for immediate review. This is not a case in which there are multiple claims. Review of the district court's non-final writ was more appropriately pursued by Respondents' interlocutory appeal, which this Court has denied by order. *National Education Association of N.M. v. Consolidated Central School District*, No. 34,043 (N.M. Ct. App. Nov. 15, 2014). Respondents should await appeal upon the entry of a final determination of damages, costs, and disbursements, as required by statute. *See* NMSA 1978, § 44-2-12 (1884) ("If judgment is given for the plaintiff, he shall recover the damages which he has sustained, together with costs and disbursements.").

{6}     For the reasons stated in this opinion and in our notice, we dismiss for lack of a final, appealable order.

{7}     **IT IS SO ORDERED.**


                                        _____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**J. MILES HANISEE, Judge**