This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42590**

**VIOLETA STEVENSON PEREZ,**

Plaintiff-Appellant,

v.

**CAROLINA VERONICA CAMPOS-DORCE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Court Judge**

Violeta Stevenson Perez
Albuquerque, NM

Pro Se Appellant

Higgins Law Firm
John F. Higgins
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**MEDINA, Chief Judge.**

**{1}** Plaintiff appeals from the district court's grant of Defendant's motion to reconsider the district court's denial of Defendant's motion to dismiss and subsequent grant dismissing Plaintiff's claims with prejudice under the preclusion doctrine of res judicata. This Court issued a calendar notice proposing to reverse. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we reverse.

**{2}** Defendant contends that this Court erred in proposing to conclude that the declaratory judgment exception to res judicata applies to Plaintiff's case now on appeal. Plaintiff filed a request for declaratory judgment to determine ownership of the property at issue in case D-202-CV-2020-00273. The district court ultimately found Defendant was not a bona fide purchaser, declared Defendant's quitclaim deed to the property void, awarded Plaintiff possession of the property, and ordered Defendant to vacate the property. [DS PDF 5-6; 1 RP 108-112; 1 RP 113-18] After obtaining possession of the property in November 2021, Plaintiff moved to reopen D-202-CV-2020-00273 and assert claims for damages to the property that Plaintiff discovered upon taking possession. The district court denied Plaintiff's motion, holding that "the matter tried was Plaintiff's claim that the December 27, 2016 quitclaim deed should be declared void" and "[t]he issue[s] of any damages to the property caused by Defendant during her occupancy were not raised in Plaintiff's complaint or at the trial in this matter." [1 RP 120] The district court concluded by stating "the denial of Plaintiff's [m]otion should not preclude her from seeking those damages in a new lawsuit against Defendant," "[t]his [o]rder is not an adjudication on the merits of any issue or claim raised in Plaintiff's [m]otion," and "the denial of the [m]otion shall not prejudice Plaintiff from raising the claims in her [m]otion in a new lawsuit." [1 RP 120]

**{3}** Plaintiff then filed the instant case against Defendant, D-202-CV-2022-06211, seeking monetary relief from Defendant. [1 RP 8-11] Defendant moved to dismiss, asserting that Plaintiff was barred from bringing her claims under res judicata because Defendant had raised the issue of damages in an untimely request to the first district court and Plaintiff's complaint arose from the same common nucleus of operative facts. [1 RP 101] The district court denied Defendant's motion on July 13, 2023. [1 RP 149-52] Defendant moved to reconsider the district court's denial of Defendant's motion to dismiss [2 RP 377], based on the district court's finding in its grant of summary judgment on all but Plaintiff's claim for damages to the property that "Plaintiff did make a claim for rent and for damages to the home" in her declaratory judgment action, citing back to Plaintiff's original complaint in D-202-CV-2020-00273, where Plaintiff stated, "I would like to be compensated 2,800 rental of [the property]" and "[a]ny damages to my home" [2 RP 355] and Plaintiff's pre-trial statement that she is "seeking damages as the prevailing party from suit one." [2 RP 377] The district court granted Defendant's motion to reconsider and Defendant's motion to dismiss all claims under the doctrine of res judicata. [2 RP 386-88]

**{4}** This Court proposed to reverse the district court because of the declaratory judgment exception to the application of res judicata. [CN 1, 5-6] As explained by our Supreme Court in *Principle Mutual Life Insurance Co. v. Straus*, "damages pursuant to a judgment on liability may be litigated in a separate case" when "the scope of a lawsuit for declaratory relief is limited to the issue of liability alone, a declaratory judgment on liability can be final without a ruling on damages." 1993-NMSC-058, ¶ 13, 116 N.M. 412, 863 P.2d 447. To determine if the declaratory judgment exception applies, the district court in the first case must have exercised its jurisdiction over only the declaratory relief and not the issue of damages. *See id.* ¶¶ 14-15. Because the district court in the first case unambiguously stated that the issue of damages was not raised in Plaintiff's

complaint or at trial and the only issue before the district court was declaring who owned the property at issue, this Court proposed to conclude that the declaratory judgment exception applied to Plaintiff's new complaint for damages such that dismissing the claim under res judicata was in error. [CN 5-6]

**{5}** Defendant now raises numerous, overlapping arguments to support affirming. Defendant contends that our analysis is incorrect because: (1) Plaintiff's relief in the first law suit was against a nonparty and not Defendant [MIO 4-5]; (2) the remedy in the first suit was not available under the Declaratory Judgment Act [MIO 5-6]; (3) Plaintiff failed to comply with the ejectment statute for additional damages [MIO 6-8]; (4) Plaintiff did in fact raise the issue of damages in the first suit [MIO 8-9]; (5) this Court incorrectly relied on the district court's order denying Plaintiff's motion to reopen the first case [MIO 9-12]; (6) because Defendant was barred from raising issue of damages in first suit, Plaintiff should be barred in the second suit [MIO 12-14]; (7) Plaintiff failed to comply with the Declaratory Judgment Act when requesting additional relief [15-21]; (8) this Court misapplied the exception because the district court in the first case did not carve out damages to be heard at a later date [MIO 21-22]; and (9) the district court's orders in the first suit discussing damages should be ignored because the district court lacked jurisdiction. [MIO 22]

**{6}** Despite Defendant's various arguments and emphasis on Plaintiff's one sentence request for monetary relief from her first complaint, Defendant admits that the district court in the first case found "[t]he issue of any damages to the property caused by Defendant during her occupancy *were not raised in Plaintiff's* [*Appellant*]'s *complaint* or at the trial in this matter." [MIO 11] Defendant instead requests that we determine this finding was a mistake on behalf of the district court. [MIO 11-12] We decline to do so in the face of such unambiguous language. *See Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 41, 388 P.3d 998 ("Where the language of a judgment or decree is clear and unambiguous, it must stand and be enforced as it speaks." (text only) (citation omitted)).

**{7}** Further, we find Defendant's contention that we erred in relying on this language because it is from the district court's denial of Plaintiff's motion to reopen her case and not the entry of final judgment unpersuasive. The district court's denial of Plaintiff's motion interpreted its own entry of judgment. "[S]ubstantial deference is accorded to a court's interpretation of its own order" and "we will not disturb a trial court's clarification of an ambiguity in its own order unless the court's interpretation of that order is manifestly unreasonable." *Fed. Nat'l Mortg. Ass'n v. Chiulli*, 2018-NMCA-054, ¶ 14, 425 P.3d 739 (internal quotation marks and citation omitted). Our review of the record shows that the district court's interpretation in the first case is supported by the language and reasoning used in both the letter decision and entry of final judgment. [1 RP 108-112; 1 RP 113-18]

**{8}** Defendant also contends that the declaratory judgment exception does not apply because the district court in the first case did not carve out an exception for damages as required by *Principle Mutual Life Insurance Co.* We disagree with Defendant's

interpretation. Rather, it is because the district court did not carve out an exception to determine damages at a later date in its final judgment and did not extend its jurisdiction over the issue of damages that allows for the declaratory judgment exception to apply to the instant case. *See Principle Mut. Life Ins. Co.*, 1993-NMSC-058, ¶¶ 14-15. Indeed, the district court in the first case explicitly stated, "the denial of Plaintiff's [m]otion should not preclude her from seeking those damages in a new lawsuit against Defendant," "[t]his [o]rder is not an adjudication on the merits of any issue or claim raised in Plaintiff's [m]otion," and "the denial of the [m]otion shall not prejudice Plaintiff from raising the claims in her [m]otion in a new lawsuit" because "[t]he issue[s] of any damages to the property caused by Defendant during her occupancy were not raised in Plaintiff's complaint or at the trial in this matter." [1 RP 120]

**{9}**　Finally, Defendant raises various arguments about Plaintiff's failure to comply with other statutory schemes when filing her second cause of action for damages. We decline to address these arguments further because these issues are not before this Court. Our review is limited to only the second district court's application of res judicata. For the declaratory judgment exception to apply, Plaintiff does not need to comply with the Declaratory Judgment Act when seeking monetary relief, but can file a new complaint in a separate legal proceeding. *See Principal Mut. Life Ins. Co.*, 1993-NMSC-058, ¶ 13 (stating that requests for damages "may then be pursued in separate litigation as supplemental relief under the Declaratory Judgment Act" *or* "other legal action" (emphasis added)).

**{10}**　As such, Defendant does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, for the reasons stated in our notice of proposed disposition and herein, we reverse.

**{11}　IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**